1:25-cr-00260
Judge Virginia M. Kendall
Magistrate Judge Heather K. McShain
Random/Cat. 4



FILED
5/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. |
| v. ) | |
| ) | Violation: Title 18, United States Code, |
| GRACE ANN CHANG ) | Section 2314 |

### COUNTS ONE through SIX

The SPECIAL APRIL 2025 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant GRACE ANN CHANG was a resident of the Northern District of Illinois, and was employed as the Chief Financial Officer for Company A.

    b. Company A was a technology and publishing company based in Skokie, Illinois that sold mapping software and hardware for consumer electronics, commercial transportation, and education markets.

    c. In her duties as Chief Financial Officer for Company A, Defendant GRACE ANN CHANG was responsible for overseeing and arranging payment for Company A's American Express corporate credit cards.

    d. Company A's American Express corporate cards were only authorized by Company A for use for legitimate business expenses incurred on behalf of Company A.

    e. Company A provided Defendant GRACE ANN CHANG an American Express corporate credit card to cover legitimate business expenses.

f. Defendant GRACE ANN CHANG used her American Express corporate credit card to purchase personal items including home renovations, personal travel, and retail items.

g. Defendant GRACE ANN CHANG used her position as Chief Financial Officer to cause funds to be transferred via automated clearing house ("ACH") from Company A's bank account to American Express as payment for Defendant GRACE ANN CHANG's unauthorized personal purchases made on her American Express corporate credit card.

h. Defendant GRACE ANN CHANG used her position as Chief Financial Officer to conceal her use of the Company A funds to pay her personal expenses.

2. On or about the dates listed below, in the Northern District of Illinois, Eastern Division, and elsewhere,

GRACE ANN CHANG,

defendant herein, did transport, transmit, and transfer, and caused to be transported, transmitted, and transferred, in interstate commerce, money of a value of $5,000 or more, namely, money traceable via interstate ACH transfer to American Express for defendant's unauthorized personal purchases, from Company A's bank account, knowing that such funds had been stolen, converted, and taken by fraud, as set forth below:

| Count | Approximate Date | Approximate Amount of Transfer |
|---|---|---|
| One | May 14, 2020 | $64,653.13, including at least $26,215 of funds stolen, converted, and taken by fraud |
| Two | June 11, 2020 | $112,102.95, including at least $64,846 of funds stolen, converted, and taken by fraud |
| Three | July 6, 2020 | $69,451.50, including at least $18,341 of funds stolen, converted, and taken by fraud |
| Four | July 30, 2020 | $69,451.50, including at least $40,755 of funds stolen, converted, and taken by fraud |
| Five | August 4, 2020 | $49,099.03, including at least $8,370 of funds stolen, converted, and taken by fraud |
| Six | August 21, 2020 | $143,045.19, including at least $105,354 of funds stolen, converted, and taken by fraud |

In violation of Title 18, United States Code, Section 2314.

## **FORFEITURE ALLEGATION**

The SPECIAL APRIL 2025 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 2314, as set forth in this indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, funds in the approximate amount of $263,881.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Christine O'Neill on behalf of the
UNITED STATES ATTORNEY